IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| CONSTRUCTION INDUSTRY WELFARE FUND OF CENTRAL ILLINOIS, | ) ) ) | |
| OPERATIVE PLASTERERS AND CEMENT MASONS INTERNATIONAL ASSOCIATION, LOCAL 143, | ) ) ) ) | CIVIL ACTION NO. |
| Plaintiffs, | ) ) ) | JUDGE |
| v. | ) ) ) | |
| VI CORPS, LLC, an Illinois limited liability company, | ) ) ) ) | |
| Defendant. | ) | |

## COMPLAINT

NOW COME Plaintiffs, Construction Industry Welfare Fund of Central Illinois (hereinafter "Fund") and Operative Plasterers and Cement Masons International Association, Local 143 (hereinafter "Union") (collectively, "Plaintiffs"), by their attorneys, complaining of the Defendant, VI CORPS, LLC, an Illinois limited liability company, and allege as follows:

### COUNT I

1. This Count arises under the laws of the United States and is brought pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1132, 1145 (hereinafter referred to as "ERISA"). Jurisdiction is based upon the existence of questions arising thereunder, as hereinafter more fully appears.

2. The Fund brings this action as an "employee benefit plans," and "plans," under ERISA. The Fund is administered within this District and Division at 34 E. Springfield Avenue, Champaign, Illinois. Accordingly, venue is appropriate under 29 U.S.C. §1132(e)(2).

3. Defendant is an Illinois limited liability company, with its principal place of business located at 5025 Bolen Store Road, Thompsonville, Illinois. Defendant is an "employer" under ERISA, and transacts business within this District and Division.

4. Defendant is obligated to report and pay fringe benefit contributions to one or both Fund on behalf of its employees working under the terms its collective bargaining agreements with Locals 143 and 18-Area 539, of the Operative Plasterers and Cement Masons International Association. The collective bargaining agreements further incorporate the terms of the Trust Agreements establishing and governing the Fund.

5. As an employer obligated to make fringe benefit contributions to the Fund, Defendant is specifically required to do the following:

(a) To submit to the Fund for each month, by the 15th day of the following month, a report stating the names, social security numbers, and total hours worked or paid in such month for each and every person on whose behalf contributions are required to be made by Defendant to the Fund; or, if no such persons are employed for a given month, to submit a report so stating;

(b) To accompany the aforesaid reports with payment of contributions based upon the actual number of hours worked by each covered employee, including overtime hours;

(c) To make all of its payroll books and records available to the Fund for the purpose of auditing same, to determine whether Defendant is making full payment as required under the applicable agreements;

(d) To compensate the Fund for the additional administrative costs and burdens imposed by Defendant's failure to pay, or untimely payment of, contributions, by way of the payment of liquidated damages in amounts as set forth in the

                    Agreement and Declaration of Trust for any and all contributions which are not timely received by the Fund for a particular month;

    (e)    To pay the Fund interest on late employer contributions at the rate of twelve (12) percent per annum, assessable at the rate of one (1) percent per month for each month or fraction thereof the contribution is received more than thirty (30) days beyond the due date;

    (f)    To pay any and all costs incurred by the Fund in auditing Defendant's payroll records, should it be determined that Defendant was delinquent in the reporting or submission of all contributions required of it to be made to the Fund;

    (g)    To pay the Fund's reasonable attorneys' fees and costs necessarily incurred to compel Defendant to submit its payroll books and records for audit, or to recover delinquent contributions;

6.    Defendant is delinquent and has breached its obligations to the Fund in the following respect:

        Defendant has failed and refused to submit all of its reports to the Fund due for August 2018 forward and/or has failed to make payment of all contributions acknowledged by Defendant thereon to be due the Fund. Defendant is further obligated to pay liquidated damages and interest on all contributions reported and paid late, or remaining unpaid, but has failed and refused to make payment of said liquidated damages and interest.

7.    That upon careful review of all records maintained by the Fund, and after application of any and all partial payments made by Defendant, the total due from Defendant is unknown based on Defendant's failure to submit all required reports or to accurately state all hours for which contributions are due on reports previously submitted. The amounts due are further subject to change based on the possibility that additional contributions, liquidated damages and interest will come due during the pendency of this lawsuit.

8.    The Fund has requested Defendant perform its obligations as aforesaid, but Defendant has failed and refused to so perform.

9.     Defendant's continuing refusal and failure to perform its obligations to the Fund is causing and will continue to cause irreparable injuries to the Fund, for which the Fund has no adequate remedy at law.

WHEREFORE, the Fund prays:

(a)   That an account be taken as to all employees of Defendant covered by the collective bargaining agreement as to wages received and hours worked by and paid to such employees to determine amounts due to the Fund, covering the period for which the collective bargaining agreement is effective;

(b)   That Defendant be enjoined and ordered to submit all delinquent monthly contribution reports to the Fund with the information required to be provided thereon, to continue to submit such reports while this action is pending, and to comply with its contractual obligation to timely submit such reports in the future;

(c)   That judgment be entered in favor of the Fund and against Defendant for all unpaid contributions, liquidated damages, any costs of auditing Defendant's records, accrued interest, and the Fund's reasonable attorneys' fees and court costs necessarily incurred in this action as specified herein, or as subsequently determined, all as provided for in the Trust Agreement and in ERISA;

(d)   That the Fund have such further relief as may be deemed just and equitable by the Court, all at Defendant's cost.

## COUNT II

10.    This Count arises under the laws of the United States and is brought pursuant to the terms of the Labor-Management Relations Act of 1947, as amended, 29 U.S.C. §185. Jurisdiction is based on the existence of questions arising thereunder as hereinafter more fully appears. The rights asserted herein arise from the same series of transactions as Count I and there are common questions of law and facts to both Counts.

11. Plaintiff Union is a labor organization representing certain of Defendant's employees as the duly authorized collective bargaining representative, and is party to a collective bargaining agreement with Defendant governing the terms and conditions of employment for such employees.

12. Under the aforesaid collective bargaining agreement, Defendant has agreed to pay contributions and/or deduct from the wages of those of its employees, subject to any applicable written authorization, sums of money for fringe benefit contributions, union dues, or other amounts which are required to be remitted to Plaintiff Union on a monthly basis along with Defendant's regular fringe benefit reports and contributions as described in Count I of this Complaint.

13. Since at least August 2018, Defendant has deducted or has been required to deduct amounts from the wages of its employees as required by the collective bargaining agreement, but has failed and refused to remit any part of such monies so deducted to Plaintiff Union, but has instead converted such monies to its own use.

14. The total amount of fringe benefit contributions and wage deductions that Defendant has failed to remit to Plaintiff Union in violation of the collective bargaining agreement is unknown at this time due to Defendant's failure to submit all required monthly reports.

15. The Defendant's acts and omissions as described herein constitute a breach of the collective bargaining agreement and entitle Plaintiff Union to recover from Defendant all fringe benefit contributions and wage deductions which Defendant was required to remit to Plaintiff Union, plus liquidated damages and interest, and further entitle Plaintiff Union to recover from Defendant its damages for breach of Defendant's obligations.

WHEREFORE, Plaintiff Union prays:

(A) That judgment be entered in its favor and against Defendant for all sums determined to be due Defendant to Plaintiff Union;

(B) That Plaintiff Union recover from Defendant its damages and all costs of collection and recovery including its reasonable attorneys' fees and costs;

(C) That Plaintiff Union have such further relief as may be considered just and equitable by the Court, all at Defendant's cost.

/s/   Patrick N. Ryan

Stephen J. Rosenblat
Patrick N. Ryan - Lead Counsel
Attorneys for Plaintiffs
BAUM SIGMAN AUERBACH & NEUMAN, LTD.
200 West Adams Street, Suite 2200
Chicago, IL  60606-5231
Bar No.: 6278364
Telephone: 312/216-2573
Telefax: 312/236-0241
E-Mail: pryan@baumsigman.com

I:\CIW\VI Corps, LLC\complaint.pnr.df.wpd